UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE<br>MARGERY G. SARVEY<br>aka MARGERY G. HINEBAUGH,<br>    Debtor | * * * * | Bankruptcy No. 1-00-02788 |
| MARGERY G. SARVEY<br>aka MARGERY G. HINEBAUGH,<br>    Plaintiff | * * * * * | Adversary No. 1-06-00007 |
| v. | * * | |
| UNITED STATES DEPARTMENT OF<br>EDUCATION,<br>    Defendant | * * * | |

## OPINION

### Procedural History

Before the Court is a complaint filed by Margery G. Sarvey ("Debtor") against the United States Department of Education (the "USDE") for alleged violations of the discharge injunction imposed by 11 U.S.C. § 524(a)(2). No trial was held in this adversary proceeding as the parties agreed to submit the matter for decision based upon a Joint Stipulation of Facts and the briefs of the parties.[1] A summary of the Stipulation and undisputed facts gleaned from the bankruptcy case docket is set forth in the Factual Background.

### Factual Background

On June 3, 1997, Debtor executed a promissory note for a William D. Ford Federal Direct Consolidation Loan totaling $103,732.00. (Joint Stipulation ¶ 1.) Direct Loan Servicing Center

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(B) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

("DLSC"), an agent of the USDE, created two separate accounts. Account "A" had an initial balance of $18,968.53, and Account "B" had an initial balance of $84,464.03. (Joint Stipulation ¶ 2.) On July 27, 1997, DLSC notified Debtor that it had made "an adjustment to the loan proceeds based on information received from the original lender and that the loan balance [for account "A"] was decreased by $81,989.00." (Joint Stipulation ¶ 3.) On February 5, 1999, DLSC notified Debtor that Account "A" had been paid in full. (Joint Stipulation ¶ 4.) Debtor, who was unaware of the existence of Account "B," believed at that time that her student loan had been paid in full. (Joint Stipulation ¶¶ 5, 6.) After receiving notification of the existence of Account "B," Debtor contacted the USDE on May 22, 2000, and requested clarification on the status of her accounts. (Joint Stipulation ¶ 7.) The USDE responded that only "the first loan was paid in full" and explained that there remained an outstanding loan balance. (Joint Stipulation ¶ 9.)

On June 22, 2000, Debtor filed a bankruptcy petition under chapter 13 listing the debt to DLSC as disputed. (Joint Stipulation ¶¶ 10, 11.) In her chapter 13 plan Debtor addressed the claim of DLSC as follows:

> Direct Loans (Student Loan): Any and all claims filed by Direct Loans are specifically disputed and not allowed via this plan. THIS PLAN CALLS FOR A COMPLETE DISCHARGE OF ANY AMOUNTS ALLEGED TO [sic] OWED BY DEBTOR NOW AND FOREVER. This alleged debt has been satisfied as evidenced by the attached correspondence from Direct Loan and made a part of this plan. Any alleged obligation on behalf of the debtor is specifically discharged by confirmation of this plan. Should Direct Loans fail to object timely to this plan, any and all claims filed by it shall be deemed not allowed by operation of the plan confirmation.

Prior to confirmation of Debtor's plan, the USDE filed a unsecured proof of claim in the amount of $101,856.57, but Debtor did not object to the claim. (Joint Stipulation ¶¶ 13, 14.) Although the USDE or its agent received a copy of the plan, it did not file an objection to the proposed treatment of its claim in the plan. (Joint Stipulation ¶¶ 15, 16.) At no point in the case did

2

Debtor file an adversary proceeding to establish that the loan obligation should be discharged because repayment would constitute an undue hardship. Debtor's plan of individual debt adjustment was confirmed on September 18, 2000 after which Debtor made all payments required and received a discharge. (Joint Stipulation ¶¶ 17, 19.) The final decree was entered on June 27, 2005, and the case was closed.

When USDE commenced collection activity in 2005, Debtor moved to reopen her case in order to file a complaint against USDE for violation of the discharge injunction. On December 20, 2005, Debtor's motion to reopen was granted.

## Discussion

The issue in this case requires the court to determine which of two statutory provisions prevails over the other. Under 11 U.S.C. § 1307(a), a confirmed plan is binding on the debtor and each creditor, even if a creditor is not provided for by the plan and regardless of whether a creditor has accepted, objected to, or rejected the plan. The Bankruptcy Code also provides that debts arising from certain student loans are not discharged unless excepting the loan from discharge would impose an undue hardship on the debtor and the debtor's dependents. 11 U.S.C. §§ 523(a)(8), 1328(a)(2). In order to discharge a student loan, a debtor must bring an adversary proceeding. Fed. R. Bankr. P. 7001(6). Therefore, the principal question in this case is whether the order confirming Debtor's plan, which included "discharge by declaration" language, is *res judicata* on the dischargeability issue and, thus, binding on the USDE.

Debtor asserts that her student loans were discharged by the clear, specific language of her plan because the USDE received a copy of the plan in time to file an objection and failed to respond. Therefore, Debtor argues, the USDE was barred from pursuing further collection activity on Account "B," and its efforts to collect the loan violated the discharge injunction imposed under §

3

524(a)(2). Debtor seeks both a declaration that the debt was discharged as well as an order for damages against the USDE. In response, the USDE argues that § 1327(a) of the Bankruptcy Code only gives binding effect to orders that comport with the remainder of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The USDE further asserts that student loans may be discharged for only one reason – that repayment of the loan will impose an undue hardship on Debtor – and that this determination must be obtained through an adversary proceeding.

      *a.*      *In re Szostek and the policy of finality*

Citing *In re Szostek*, 886 F.2d 1405 (3d Cir. 1989), Debtor argues that the USDE is bound by the plain language of 11 U.S.C. § 1327(a) and the application of the doctrine of *res judicata.* In *Szostek*, a secured creditor sought to revoke confirmation of a debtor's chapter 13 plan because it failed to provide for the present value of the creditor's claim as required by § 1325(a)(5)(B)(ii). The Court of Appeals observed that in order to decide the issue, it was required to balance two competing statutory provisions – the policy of finality, as set forth in § 1307(a), and the requirement that a secured creditor receive the present value of its claim. *Id.* at 1408. The Court determined that the provisions of § 1325(a), unlike those of § 1322(a), are not mandatory. *Id.* at 1411. An order confirming a chapter 13 plan is not void, even if the plan confirmed does not meet the requirements of § 1325(a). *Id.* The Court of Appeals held that "a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation." *Id.* at 1408.

I have identified only one case from the Third Circuit that has analyzed the policy of plan finality in the context of a "discharge by declaration" of a student loan. In *Educational Credit Management Corp. v. York (In re York)*, 250 B.R. 842 (Bankr. D. Del. 2000), the debtor confirmed a plan which provided that once the plan was completed, post-petition interest on the student loan would be discharged. Less than three months after the plan was confirmed the debtors moved to

4

modify the plan to surrender a motor vehicle. The proposed modification affected only the creditor whose claim was secured by the vehicle and not the student loan creditor. Nevertheless, the student loan creditor objected to the proposed modification arguing that the "undue hardship" requirement for dischargeability under § 523(a)(8) had not been met and that the discharge of post-petition interest without such a determination was prohibited. The court framed the issue as follows: "whether § 1327 and the policy of finality of confirmation orders precludes [the student loan creditor] from objecting to its unaltered treatment in a modified plan." *Id.* at 844.

Citing *Szostek*, the bankruptcy court opined that the policy of finality barred the student loan creditor from raising issues regarding the propriety of the treatment of its claim at the hearing on the modification of a confirmed plan. The court distinguished the case before it from the issues presented to the court in *In re Bell*, 236 B.R. 426 (N.D. Ala. 1999), in which the district court found that the partial disallowance of a creditor's claim did not discharge student loan debt not paid through the plan. *Id.* at 845. The Delaware court observed that the *Bell* decision was inapposite because it considered whether the confirmation order discharged the student loan debt and whether the discharge affected the creditor's ability to collect the debt after the chapter 13 case was completed. *Id.* at 846. (citations omitted). As viewed by the *York* court, the issue before it, as distinguished from the issue in *Bell*, was "whether [the student loan creditor could] object to its treatment in the Debtors' confirmed plan where the Debtors seek to modify the plan and the modification does not address, affect, or change [the student loan creditor's] position." *Id.*

Although *York* suggests that a student loan creditor is bound by the treatment it receives in a confirmed chapter 13 plan, this issue was not squarely before the court. The court focused on the creditor's attempt to obtain "a second bite at the apple" when it had failed to object to confirmation of the plan. The narrow holding of the decision limits its applicability in the matter before this

5

Court. The facts of the within case more closely parallel *Bell*, in which the debt was determined to be non-dischargeable, which was distinguished by the Delaware court in *York*. However, to the extent that *York* interprets *Szostek* as standing for the proposition that an order confirming a chapter 13 plan is *res judicata* on the issue of whether a non-dischargeable debt is discharged in the absence of an adversary proceeding, I disagree.

Notwithstanding the Third Circuit's strong affirmance of the principle of plan finality, *Szostek* is not binding in this matter. As observed by the Third Circuit, the preclusive effect of a confirmation order is limited to issues that were decided, or that could have been decided, at the confirmation hearing. The issue decided in *Szostek* was "whether, in the absence of fraud, the failure of a creditor to attend the confirmation hearing, object timely to the plan, or appeal the order of confirmation regardless of the reason, preclude[d] the creditor from obtaining full recovery of the present value of its claim when such was not provided for in the confirmed plan." *Id.* at 1408. Whether a debtor has met the requirements of § 1325(a) is an issue that is determined in connection with the confirmation of a plan.[2]

The dischargeability of a student loan, however, is addressed through the statutory provisions found at § 1328(a)(2) and § 523(a)(8). A student loan is explicitly excepted from discharge unless excepting the debt will impose an undue hardship on the debtor and the debtor's dependents. 11

---

2 In *Szostek*, the Debtor objected to the secured creditor's proof of claim and filed an amended chapter 13 plan. Counsel for the creditor requested a continuance of the hearing on the claim objection so that an appraisal of the property subject to the creditor's lien could be performed. Debtor agreed, but each party had a different understanding as to whether the confirmation hearing also would be continued. When the creditor did not file an objection to the plan or attend the confirmation hearing, the plan was confirmed. Three days after the plan was confirmed and thirteen days after the deadline for filing objections had passed, the creditor filed an objection to the plan and an answer to the objection to the proof of claim. Five weeks after confirmation, the creditor learned for the first time at the hearing on the objection to the proof of claim that the confirmation hearing had not been continued and that the plan had been confirmed.

6

U.S.C. § 523(a)(8). Congress intended this provision to be "self-executing" and the student loan creditor is not required to file a complaint to determine the nondischargeability of the student loan debt. *United States v. McGrath*, 143 B.R. 820, 825 (D. Md. 1992) ("educational loans are presumed to be not discharged in bankruptcy unless an affirmative act is taken to seek determination of the dischargeability of the debt") (citing *In re Washington*, 41 B.R. 211, 213-14 (Bankr E.D. Va 1984)). Therefore, in order to have a student loan discharged, a debtor must initiate a proceeding in bankruptcy court to establish the elements of undue hardship.

The statutory framework for plan confirmation does not encompass a determination of the dischargeability of a debt, and the confirmation process cannot be used to transform a non-dischargeable debt into a dischargeable one. The holding of *Szostek* is not to the contrary. As observed by the New Jersey Superior Court, a student loan is "a type of debt expressly prohibited from discharge, a factor that was not facing the Third Circuit in *In re Szostek*. . . ." *New Jersey Higher Education Assistance Authority v. Pennell*, 377 N.J. Super. 13, 27, 871 A.2d 671, 680 (2005). Accordingly, the fundamental principle that a creditor is bound by the provisions of a confirmed plan to which it has not objected is inapplicable to a case in which a debtor attempts to discharge a student loan through the confirmation process.[3]

---

[3] Discharging a student loan debt through a plan declaration is dissimilar to cramming down a secured loan through a plan provision, which was addressed by this Court in *In re Dickey*, 293 B.R. 360 (Bankr. M.D. Pa. 2003). In *Dickey* I held that a wholly unsecured lien may be avoided through the plan confirmation process without the necessity of filing a motion or initiating an adversary proceeding. The basis of that holding was the language of 11 U.S.C. § 506(a), which specifically states that a determination of the value of the property that is purported to secure such a lien "shall be [made] . . . in conjunction with any hearing . . . on a plan affecting such creditor's interest." 11 U.S.C. § 506(a). I distinguished between the valuation of collateral under § 506(a), which may be pursued by motion and a challenge to the validity, priority or extent of a lien, which requires the commencement of an adversary proceeding. *Id.* at 363. There is no similar provision in the Bankruptcy Code that authorizes the determination of undue hardship in conjunction with a plan confirmation hearing.

7

b.  *Principles of Due Process*

Under the principles of due process, a creditor is entitled to "notice reasonably calculated, under all the circumstances, to apprise [it) of the pendency of the action and afford [it] an opportunity to present [its] objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950). Whether notice has been given is not the only issue, however. A determination of whether due process has been afforded also involves consideration of whether the plan confirmation process, as opposed to an adversary proceeding, may be used to reduce or eliminate a claim. *In re Bryant*, 323 B.R. 635, 639-40 (Bank. E.D. Pa. 2005).

It is undisputed that the USDE received notice of the deadline for filing objections to confirmation of Debtor's plan under Fed. R. Bankr. P. 2002. The plan clearly provided that Debtor disputed the USDE's claim and sought to discharge an otherwise non-dischargeable debt through confirmation.[4] But in order to discharge a debt that otherwise may not be discharged, the Federal Rules of Bankruptcy Procedure require a debtor to file an adversary proceeding. Fed. R. Bankr. P. 7001 (6). Therefore, the second issue is this case is whether the notice provided in connection with plan confirmation met the requirements of due process.

This precise question was addressed by the Fourth Circuit on similar facts in *Banks v. Sallie Mae Servicing Corporation (In re Banks)*, 299 F.3d 296 (4th Cir. 2002). In *Banks*, the debtors filed a chapter 13 plan that provided that the student loan lender would receive 13% of its allowed claim through the plan, which would be allocated to loan principal. Upon discharge the debtor would be liable only for the unpaid principal balance of the prepetition debt. The plan specifically provided that "no interest, penalties, late charges, or costs of collection (including attorney's fees) shall

---

4 Unlike many of the "discharge by declaration" cases, Debtor did not insert a provision in her plan that confirmation constituted a finding of undue hardship as required for discharge under §523(a)(8). Debtor simply disputed that she owed the debt claimed by the USDE because she previously had been notified that the loan had been paid in full.

8

accrue." *Id.* at 299.  The student loan lender received copies of the plan and notice of the confirmation hearing, but no objections were filed. After debtors received their discharge, the student loan lender resumed collection activities to recoup post-petition interest and other charges. Once the case was reopened, the debtor/obligor filed an adversary proceeding seeking a declaratory judgment that the debt was discharged.  The bankruptcy court ruled in favor of the debtor finding that the confirmation order was *res judicata,* although the court acknowledged that the debtor had failed to follow the correct procedure under the Rules. The bankruptcy court relied on decisions from the Ninth and Tenth Circuits, each of which has held that the finality of confirmation trumps compliance with the Code and the Rules. *See Andersen v. UNIPAC NEBHELLP (In re Andersen)*, 179 F.3d 1253 (10th Cir. 1999); *Great Lakes Higher Edu. Corp. v. Pardee (In re Pardee)*, 218 B.R. 916 (9th Cir. BAP 1998), *aff'd*, 193 F.3d 1083 (9th Cir. 1999).  On appeal, the district court reversed, rejecting the holdings in *Andersen* and *Pardee* and finding that the notice issued in connection with confirmation of the plan was insufficient to meet the requirements of due process.

The Fourth Circuit affirmed the district court, agreeing that the debtors' failure to initiate a adversary proceeding denied the student loan lender due process.  The Court observed that the Bankruptcy Code and Rules "place the burden on the Debtor to file adversary proceedings to determine the dischargeability of student loan debts." *Id*. at 300-01 (citations omitted).  An adversary is commenced by the filing of a complaint and the service of a summons on specified agents under the Rules. Fed. R. Bankr. P. 7004(b)(3).  As a trial within the bankruptcy case, the dispute is resolved only after trial or through a ruling on a dispositive motion.  *Id.* at 301. Although the Court agreed that a confirmation order generally is *res judicata*, it refused to "defer to such an order if it would result in a denial of due process in violation of the Fifth Amendment to the United States Constitution. *Id.* at 302 (*citing Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160,

9

162 (4th Cir. 1993)). The Fourth Circuit explicitly rejected the reasoning of *Andersen* and *Pardee* and noted that "the number of Debtors seeking to discharge nondischargeable debt increased significantly following the decisions of our sister Circuits. . . ." *Id.* at 301.[5] The Court observed that neither the Ninth nor the Tenth Circuits addressed the due process requirements of the Code and the Rules and that they concluded, without discussion, that notice provided under Rule 2002 was sufficient. *Id.* at 302. The Fourth Circuit held that "due process entitles a student loan creditor to specific notice of the Debtor's intent to discharge any portion of the debt," that a student loan may not be discharged without a showing of undue hardship, and that an adversary proceeding, with a summons and service of process under Rule 7004(b), is required to establish undue hardship. *Id.*

---

5 Both the Ninth and Tenth Circuits have retreated from the position that student loan debt may be discharged through declaration in a chapter 13 plan without filing an adversary proceeding. Although the BAP's decision in *Pardee* was affirmed, a subsequent decision of the Ninth Circuit found that a "confirmed plan has no preclusive effect on issues that must be brought by an adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor." *Enewally v. Washington Mutual Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. 2004) (citing *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995); *In re Beard*, 112 B.R. 951, 955-56 (Bankr. N.D. Ind. 1990) (an issue requiring an adversary proceeding is not part of the confirmation process, thus confirmation has no preclusive effect)). *See also Educational Credit Management Corp. v. Repp (In re Repp)*, 307 B.R. 144, 149 n.4 (9th Cir BAP 2004) (the majority in *Pardee* "ignored the [lack of due process] and nobody pursued the issue at the court of appeals.")

In *Poland v. Educational Credit Management Corp. (In re Poland)*, 382 F.3d 1185 (10th Cir. 2004), a panel of the Tenth Circuit opined that *Andersen* should be reconsidered stating that:

> The unfortunate result of *Andersen* is that astute attorneys now insert student loan discharge language . . . hoping to achieve preclusive effect, notwithstanding: (1) Bankruptcy Code § 523(a)(8) explicitly precludes the discharge of a debtor's student loan absent a showing of undue hardship, (2) Bankruptcy Rules specifically require a successful adversary proceeding, complete with individualized service of process, to establish undue hardship and discharge a student loan, and (3) lack of the required notice under the Bankruptcy Rules proscribes preclusive effect.

*Id.* at 1189 n. 2. *See also Educational Credit Management Corp. v. Mersmann (In re Mersmann)*, 318 B.R. 537, 542 (10th Cir. BAP 2004) ("*Andersen* can in no way be read to advise that its limited holding be used by Chapter 13 debtors as a sword to obtain hardship discharges through the plan confirmation process").

10

Accordingly, the Fourth Circuit determined that the student loan creditor did not receive adequate notice of the debtor's intent to discharge the post-petition interest on the loan. Therefore, the confirmation order was not afforded preclusive effect.

The Fourth Circuit's analysis of the notice and due process required before a student loan may be discharged is persuasive. I recognize the strong policy favoring the finality of confirmation orders as articulated in *Szostek*, but the finality of confirmation must yield to the dictates of due process. "The history of American freedom is, in no small measure, the history of procedure," *Malinski v. New York,* 324 U.S. 401, 65 S. Ct. 781, 89 L. Ed. 1029 (1945) (opinion of Frankfurter, J) (quoted in *In re Ruehle*, 296 B.R. 146, 164 (Bankr. N.D. Ohio 2003)). "[S]tudent loan creditors justifiably rely on the explicit notice provisions of the Bankruptcy Code and Rules and have no reason to act until the service of a summons for an adversary proceeding apprises them that their property rights may be affected." *In re Hanson*, 397 F.3d 482, 486 (7th Cir. 2005).

## Conclusion

In the within case, the USDE filed a proof of claim prior to confirmation. Debtor did not object to the proof or file an adversary proceeding to litigate the dischargeability of the student loan debt. Instead, she included a provision in her plan that disputed the claim and stated that unless the USDE filed an objection, the debt would be discharged by confirmation. Debtor did not allege that repayment of the student loan debt would constitute an undue hardship, she simply stated that based upon correspondence received pre-petition, her loan had been paid in full.

The USDE does not argue that it did not receive a copy of the plan before confirmation. But it does allege that the notice it received was inadequate because it was provided pursuant to Rule 2002, rather than through service of process under Rule 7004. The notice establishing deadlines for filing objection to the plan did not warn the USDE that its rights might be affected. Additionally,

11

because the notice was served under Rule 2002, it was not required to be served on a particular person or in any specified manner. Under principles of due process, the USDE did not receive adequate notice of Debtor's intent to discharge her student loans. The provision in Debtor's confirmed plan purporting to discharge the debt violated the USDE's Fifth Amendment rights and is not entitled to preclusive effect. Therefore, Debtor's student loan was not discharged in her bankruptcy proceeding. Because the debt was not discharged, the USDE did not violate the §524(a)(2) discharge injunction by resuming collection activities after Debtor's case was closed. Judgment in the instant adversary proceeding will be rendered in favor of the USDE. An appropriate order will be entered.

By the Court,

*Mary D. France*
Bankruptcy Judge

Date: May 9, 2007

*This document is electronically signed and filed on the same date.*

12

Case 1:06-ap-00007-MDF   Doc 18   Filed 05/09/07   Entered 05/09/07 15:59:38   Desc
Main Document      Page 12 of 12